IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN YOUNGERS, as Personal
Representative of the Wrongful Death Estate of
Deven Chavez, and C.C., a minor child,

      Plaintiffs,

v.                                                                          1:20-cv-00686-JCH-LF

BHC MESILLA VALLEY HOSPITAL, LLC,
SANJOY BANIK, M.D., and JOHN DOES 1-10,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") on November 18, 2022.  Doc. 105.  The proposed findings notified the parties of their ability to file objections within fourteen (14) days and that failure to do so waived appellate review.  *Id*. at 8.  To date, none of the parties have filed objections and the time to do so has now passed.  The Court, therefore, adopts the magistrate judge's proposed findings and recommended disposition.

IT IS THEREFORE ORDERED that the Court adopts the magistrate judge's proposed findings and recommended disposition and approves the settlement as follows:

1) The Court approves the allocation and distribution of the settlement proceeds and the payment of plaintiffs' attorney's fees as outlined in sealed *ex parte* exhibit 1 (Doc. 107).

2) Payment to C.C. will be used to purchase a structured annuity as set forth in Attachment A to this order.  Attachment A has been redacted to protect the privacy of

the minor child and to maintain the confidentiality of the agreement. An unredacted copy of Attachment A has been filed separately, under seal, and is incorporated into this order in its entirety by reference. *See* Doc. 106.

3) The Court releases Ms. Collins from her duties as guardian ad litem. The three parties will each pay one-third of her fees.

4) The parties must file closing documents within 30 days of this order, absent a written motion showing good cause for an extension.

5) The details of the settlement, including the settlement amounts, shall remain confidential. The Court will impose the annuity schedule as outlined in unredacted Attachment A (Doc. 106) to this order. Unredacted Attachment A (Doc. 106) and the details regarding the amount of the settlement shall not be disclosed to anyone other than the plaintiffs, their counsel and staff, the GAL, and the entities assisting in establishing the annuity, absent prior Court order. The structured settlement annuity set forth in unredacted Attachment A (Doc. 106) is in C.C.'s best interest, and its terms are material, integral and inseparable elements of the Court's approval of the settlement and are essential to this Court's determination of fairness.

6) Pursuant to the Structured Settlement Protection Act, NMSA 1978 §39-1A-4(C) and this Court's continuing jurisdiction over this matter, the Court prohibits the transfer of the structured settlement payment rights, as reflected in unredacted Attachment A (Doc. 106), at any time. Any attempt by a third-party to access or assign said funds

or payments designated for annuity investment will be considered a violation of this order, and any petition for the transfer of the structured settlement payment rights must be filed in this Court and cause of action.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3